Filed 10/3/23  P. v. Misirli CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN PAUL MISIRLI,<br><br>    Defendant and Appellant. | B315759<br><br>(Los Angeles County<br>Super. Ct. No. MA076224) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Jeralyn B. Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant Jonathan Paul Misirli was convicted of three counts of murder and other charges; he was sentenced to multiple life terms. On appeal, Misirli raises a single contention: that the trial court erred in ordering him restrained during the jury trial. However, he has failed to point to any such order in the record. Misirli therefore has not demonstrated any error. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are not relevant to the substance of Misirli's appeal, so we do not recount them in detail. On January 16, 2019, Olukayode Owolabi, Sean Cowen, and David Licona-Hernandez were shot and killed. D.T.[1] was also shot in the face and was severely injured; items were stolen from D.T. A nine-day jury trial was conducted in September 2021.

On the seventh day of trial, after the prosecution rested and as defense counsel, Kristoffer McFarren, was preparing to present the defense case, McFarren told the court that Misirli intended to testify. McFarren asked the court to permit Misirli to testify without a bailiff or other law enforcement personnel near him, suggesting use of a "stealth belt or some other restraint" instead. The court declined, observing that the charges against Misirli involved significant violence, and stating that the court was not equipped with a chair with a stealth belt. The court offered to admonish the jury "not to take anything from the fact that there's a bailiff up there, . . . or I can be silent about it, whatever you prefer." The court also noted, "We'll excuse the jury when we put him up there anyway." McFarren asked whether the court would be "willing to state [that] whenever a

---

[1]    We refer to the living victim using initials to protect his privacy. (See Cal. Rules of Court, rule 8.90(b)(4).)

2

criminal defendant takes the stand, this is normal."  The court agreed, remarking, "They don't need to know whether it's truthful or not," and stating, "I'm more than happy to say it's a policy of this court" that having a bailiff nearby is "something we do in all criminal cases."  The following colloquy then occurred:

> "Mr. McFarren:  Yes.  And could the court also add that he's not permitted to stand during the –
>
> "The court:  I can.  Sure.
>
> "Mr. McFarren:  Otherwise, I have to ask him about it because it seems – it's [sic] the only one not standing.
>
> "The court:  I'm happy to tell them.
>
> "Mr. McFarren:  Thank you.
>
> "The court:  You want to do that right away?
>
> "Mr. McFarren:  When he gets up there, can you explain that?
>
> "The court:  Of course.  No problem."

Later that day, after the first defense witness testified and was excused, the court asked the jury to step out of the courtroom.  Out of the presence of the jury, defendant took the witness stand.  When the jury returned, the court said to the jury, "Mr. Misirli is now on the witness stand.  I just want to advise you of two things.  There's times when we come in at the beginning of each day – this is what I do in my courtroom – is we all rise to face the flag. You may or may not have noticed that Mr. Misirli did not. That was not his choice.  That was my choice.  I always ask in a criminal case – regardless if it's a minor theft or a minor drug case up to the kind of case we have now, I have all my defendants accused remain seated at counsel table; so that was not his choice.  He would have stood if he could have, but I asked

him to remain seated.  Secondly, the same thing that I do in all of my cases is when someone's been accused of any crime regardless of the nature or the severity, I have them, if they choose to take the stand, have a bailiff in and around that general area.  It's just something I personally do.  It has nothing to do with him or anything about this case."

Following the presentation of evidence, the jury convicted Misirli of three counts of first degree murder (Pen. Code, § 187, subd. (a)[2]), and found true allegations that Misirli committed multiple murders (§ 190.2, subd. (a)(3)), committed the murders during a robbery (§ 190.2, subd. (a)(17)(A)), killed the victims by lying in wait (§ 190.2, subd. (a)(15)), and personally used and discharged a firearm causing death (§12022.53, subds. (b), (c), and (d)).  The jury also convicted Misirli of one count of attempted murder (§§ 187, subd. (a); 664, subd. (a)), and found true allegations that Misirli acted with premeditation (§ 664, subd. (a)), inflicted great bodily injury (§ 12022.7, subd. (a)), and personally used and discharged a firearm causing great bodily injury (§12022.53, subds. (b), (c), and (d)).  Finally, the jury convicted Misirli of one count of second degree robbery (§ 211), and found true an allegation that Misirli personally used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c), and (d)).  The court sentenced Misirli to three terms of life without the possibility of parole for the murders, life with the possibility of parole on the attempted murder, 3 years plus 100 years to life on firearm enhancements, and a stayed term of five years for the robbery conviction.

Misirli timely appealed.

---

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Misirli's opening brief includes a 45-page recitation of the evidence presented at trial, but does not include any facts suggesting that Misirli was physically restrained during trial. He nevertheless argues that the court erred in ordering Misirli "so closely restrained, he could not even stand," and that "restraining Misirli in front of the jury was error."[3]  He asserts that "[h]is restraints singled him out" in the courtroom, and "a restrained defendant no longer has the aura of innocence." Misirli further argues that "the court failed to make any record justifying restraining Misirli's movement in the courtroom."

The Attorney General responds that Misirli has forfeited his argument because he failed to support his claim of error with any relevant citations to the record.  The Attorney General notes that "a review of the record fails to indicate that [Misirli] was shackled at any point in the trial."  In his reply brief, Misirli clarifies, "[T]he court's order [that Misirli] remain seated at all times during the trial was a physical restraint that restricted his movement."  Misirli relies on a single page of the record for his argument—the transcript page in which the court told the jurors that Misirli was required to remain seated.

We agree with the Attorney General that Misirli's contention has been forfeited.  Misirli argues the court erred by ordering him restrained, but he points to no such order.  Indeed, the record does not reveal if Misirli remained seated during the trial due to a court order, physical restraints, disability, or some other cause.  The sole evidence Misirli cites is the statement in which the court told the jury that Misirli was "not permitted to

---

[3]  Misirli asserts no claim of error regarding the presence of the bailiff while he was testifying.

5

stand." However, the actual reason Misirli did not stand is not revealed in the record. In the discussion preceding the court's statement to the jury, the court agreed to attribute the bailiff's presence to court policy, stating that the jury did not "need to know whether it's truthful or not." It is unclear if the same approach was employed regarding Misirli remaining seated—whether this was due to actual court policy or if the court simply stated so to avoid drawing attention to some other, unstated cause.

It is the appellant's burden to affirmatively demonstrate error. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410.) An appellant is required to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) Misirli has not done so here; there is no court ruling Misirli alleges was erroneous nor is there record evidence supporting his claim of error. Misirli's argument has therefore been forfeited.[4]

---

[4] In addition, it is well settled that "the use of physical restraints in the trial court cannot be challenged for the first time on appeal," so the "failure to object and make a record below waives the claim" on appeal. (*People v. Tuilaepa* (1992) 4 Cal.4th 569, 583; see also *People v. Ward* (2005) 36 Cal.4th 186, 206.) No such objection was made below.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

CURREY, P.J.

ZUKIN, J.